IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| A. PAUL DE LA PAZ,              ) | |
| ) | |
| **Plaintiff,**              ) | |
| ) | |
| vs.                                         ) | CIVIL NO. 09-cv-623-DRH |
| ) | |
| DERWIN LEE RYKER, et al.,  ) | |
| ) | |
| **Defendants.**             ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff A. Paul De La Paz, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

De La Paz begins his complaint with some generalized allegations that during his entire incarceration within the Illinois Department of Corrections, he has been exposed to unspecified toxic chemicals. As a result, he has suffered from numerous diseases, for which he has not received adequate treatment. He then sets forth four separate claims, each of which is similar.

In his first claim, De La Paz complains specifically about the method used to dispense medication. He states that the pills were contained within a bag where they became coated with a powdered substance, and that this powdered substance caused headaches, joint pain, and had an adverse chemical taste. Thus, De La Paz asserts that the warden, Defendant Ryker "ordered evilness" with respect to his medications.

In his second claim, De La Paz alleges that Ryker exposed his cell area to "chemicals, inorganic dust, and tainted cold air." Moreover, in May 2008, a flood of the Lawrence River created a short-term tainting of the water in the prison. De La Paz filed numerous grievances over these conditions, to no avail. He now asserts that Ryker was "releasing chemical agents" on him.

In his third claim, De La Paz states that in March 2007, he was placed in segregation. While in segregation, he alleges, once again, that "enormous amounts of chemicals dust" was released on him. He believes this unknown chemical caused him to become ill with flu-like symptoms and, again, he alleges that Ryker was responsible for causing his illness.

In his fourth and final claim, De La Paz once again complains about numerous times he was unable to sleep due to chemicals released into his cell area. In addition to Ryker, he also alleges that Defendants Hall and Harris played a role in exposing him to these toxic chemicals, and that

Defendant Randle is responsible for his failure to prevent this situation.

In *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Supreme Court noted that in evaluating the merits of a complaint, a district court has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28; *see also Lee v. Clinton*, 209 F. 3d 1025, 1026 (7th Cir. 2000).. De La Paz's allegations that Defendants have persistently exposed him to large doses of toxic chemical agents draw just such a "fantastic or delusional scenario." The Court finds, therefore, that these allegations are clearly baseless, and De La Paz has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. De La Paz is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   March 11, 2010.**

 /s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**